UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIGNATURE FINANCIAL LLC,

    Plaintiff,
v.                                  Case No. 8:22-cv-2795-VMC-NHA

THE STONE OUTLET OF FLORIDA,
LLC, and ERNESTO SANCHEZ,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Natalie Hirt Adams's Report and Recommendation (Doc. # 47), recommending that Plaintiff's Motion for Relief in Response to Court's Report and Recommendation (Doc 41) (Doc. # 42), seeking damages from Defendants The Stone Outlet of Florida, LLC, and Ernesto Sanchez, be granted in part and denied in part.

As of this date, no party has filed an objection to the Report and Recommendation, and the time for the parties to file such objections has elapsed.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and

1

recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusion of the Magistrate Judge. Plaintiff's Motion for Relief in Response to Court's Report and Recommendation (Doc 41) (Doc. # 42), construed as a motion for damages, is granted in part and denied in part.

2

Specifically, Defendants are jointly and severally liable for $359,041.03 in damages, with post-judgment interest to accrue at the legal rate. See 28 U.S.C. § 1961. To the extent Plaintiff later seeks to recover the Table Machining Center to satisfy the judgment, it may do so to the extent allowable under Federal Rule of Civil Procedure 69.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 47) is **ADOPTED.**

(2) Plaintiff's Motion for Relief in Response to Court's Report and Recommendation (Doc 41) (Doc. # 42) is **GRANTED** in part and **DENIED** in part.

(3) The Clerk is directed to enter default judgment in favor of Plaintiff Signature Financial LLC and against Defendants The Stone Outlet of Florida, LLC, and Ernesto Sanchez as to Plaintiff's claims for breach of contract, breach of guaranty, and replevin. Defendants are jointly and severally liable for $359,041.03 in damages, with post-judgment interest to accrue at the legal rate. See 28 U.S.C. § 1961. To the extent Signature Financial LLC later seeks to recover the Table Machining Center to satisfy the judgment, it may do so to the extent allowable under Federal Rule of Civil Procedure 69.

(4) After entering judgment, the Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of April, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4